1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   J. DOUGLAS WILSON (DCBN 412822)
3  Chief, Criminal Division

4  HARTLEY M. K. WEST (CABN 191609)
   Assistant United States Attorneys
5
        450 Golden Gate Ave.
6       San Francisco, California 94102
        Telephone: (415) 436-6747
7       FAX: (415) 436-7234
        E-Mail:  hartley.west@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 13-363-2 EMC |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM FOR MERCEDEZ KIDD |
| v. | |
| MERCEDEZ KIDD, | Sentencing Date: July 30, 2014<br>Time: 2:30 p.m. |
| Defendant. | Judge: Hon. Edward M. Chen |

## INTRODUCTION

Defendant Mercedez Kidd pleaded guilty to one count of conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c), in exchange for the government dismissing a substantive sex trafficking count. For the reasons discussed below, the government recommends that Kidd be sentenced to 60 months' imprisonment, five years' supervised release, and a $100 special assessment.

## DISCUSSION

**A.  Offense Conduct**

The facts are well summarized in the PSR, and generally set forth in Paragraph 2 of the Plea Agreement. Between April 6, 2013, and April 20, 2013, Kidd knowingly conspired with codefendant

U.S. SENTENCING MEMORANDUM
CR 13-363-2 EMC

Jordan Jackson to recruit, entice, harbor, transport, and maintain the victim, V.M., in reckless disregard of V.M.'s true age. As part of this conspiracy, Kidd admitted, she intended that V.M. would and did engage in commercial sex acts. During their initial meeting on April 6, 2013, Kidd agreed that she and Jackson both used physical force against V.M., that Jackson had sexual intercourse with V.M., and that Kidd and V.M. orally copulated each other. Kidd agreed that V.M. was 16 years old at the time of this offense.

Kidd further agreed that Jackson used a computer or interactive computer service during the offense, in that he posted digital photographs that he took of V.M. on "MyRedbook.com," to offer and solicit third parties to engage in prohibited sexual conduct with V.M. between April 6 and April 20, 2013. Kidd and Jackson kept at least some of the proceeds of these sex acts, including the $1,645.28 found in Kidd's bag at the time of her arrest. Kidd also agreed that three cell phones were subject to forfeiture because they were used to commit and facilitate sex trafficking, to take and post photographs and to communicate with potential customers for V.M.

**B.      The Plea Agreement**

As part of the Plea Agreement, the parties agreed that the Sentencing Guidelines offense level would be calculated as follows, except that the Kidd reserved her right to argue that the sentencing enhancement for undue influence does not apply.

|   |   |   |   |
|---|---|---|---|
|   | a. | Base Offense Level, U.S.S.G. § 2G1.3(a)(4): | 24 |
|   | b. | Specific offense characteristics: |   |
|   |   | Undue influence, U.S.S.G. § 2G1.3(b)(2)(B) | +2 |
|   |   | Use of interactive computer service, U.S.S.G. § 2G1.3(b)(3) | +2 |
|   |   | Involved sex act, U.S.S.G. § 2G1.3(b)(4) | +2 |
|   | c. | Acceptance of Responsibility:<br>If I meet the requirements of U.S.S.G. § 3E1.1 through Sentencing, I may be entitled to a 3-level reduction. | -3 |
|   | d. | Adjusted Offense Level with undue influence: | 27 |
|   |   | Adjusted Offense Level without undue influence: | 25 |

The parties further agree that Kidd would not ask for any other adjustment to, or reduction in, the offense level or for a downward departure from the offense level and Guidelines range as determined by

the Court, except that she could argue for a downward departure for mitigating role under U.S.S.G. § 3B1.2, and for a variance from the Guidelines range based upon the factors enumerated in 18 U.S.C. § 3553(a), which the government could oppose.

**C.      Guidelines Calculation**

      1.      Undue Influence

The United States and Probation Office agree that the undue influence enhancement applies, yielding an Offense Level of 27.

Section 2G1.3(b)(2)(B) requires a two-level increase if "a participant . . . unduly influenced a minor to engage in prohibited sexual conduct." Application Note 3 offers this guidance:

> In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine wether a participant's influence over the minor compromised the voluntariness of the minor's behavior. The voluntariness of the minor's behavior may be compromised without prohibited sexual conduct occurring.

U.S.S.G. § 2G1.3(b)(2)(B), App. N. 3(B). Moreover, "there shall be a rebuttable presumption that subsection (b)(2)(B) applies" where "a participant is at least 10 years older than the minor." *Id.* "[S]ome degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor." *Id.*

As set forth in the PSR, the victim, V.M., would be expected to testify that when she arrived at Jackson's hotel room for a "date," Jackson grabbed her arm, pulled her into the room, punched her in the head, and then punched and kicked her repeatedly while she lay on the floor. The victim was coughing up blood. PSR ¶ 8. Kidd then began hitting V.M. when Jackson ordered her to "take care of business." PSR ¶ 9. The victim would further testify that Jackson threatened to beat her up again if she did not do as he told her, told her he had a gun, raped her, forced her to perform sex acts on him and on Kidd, and forced her to use drugs. PSR ¶¶ 10, 13-14.

While Kidd denies some of these allegations, she admitted in her plea agreement that she "used physical force" against V.M. (Plea Agr. ¶ 2), and that Jackson "demanded" that she "take care of business" (PSR ¶ 9). Moreover, at the time Kidd conspired to traffic V.M. for sexual acts, he was eight years older than V.M., while Jackson was nine years older. While shy of the ten-year difference necessary to establish a rebuttable presumption of undue influence, eight and nine years are nonetheless

still quite a substantial age difference.

The United States believes these undisputed facts adequately establish the existence of some degree of undue influence, thus warranting the two-level enhancement under § 2G1.3(b)(2)(B). Accordingly, the government does not intend to call V.M. to testify at the sentencing hearing.

Applying the undue influence enhancement, Kidd's total offense level is 27. At Criminal History Category IV, the advisory Guideline range is 70-87 months.

    2.    <u>Mitigating Role</u>

Section 3B1.2 provides for a four-level downward adjustment for a "minimal" participant and a two-level downward adjustment for a "minor" participant. This adjustment is intended "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, App. N. 3(A). By her own admission, Kidd used physical force against the victim in carrying out the offense, and retained some of the proceeds for herself. This conduct does not render her "substantially less culpable" than Jackson. Accordingly, the United States opposes any reduction for mitigating role.

**D.    18 U.S.C. § 3553(a) Factors**

Title 18, United States Code, Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" after considering "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with training, medical care, or other correctional treatment; the Sentencing Guidelines; and the need to avoid unwarranted sentencing disparity between similarly situated defendants.

The government believes that a 60-month term of imprisonment is appropriate in light of the § 3553(a) factors. Kidd's offense – conspiring to traffic a minor for commercial sex acts – is extremely serious. She admitted in her plea agreement that she did in fact traffic the victim, and that she used physical force against the victim in the course of this offense. Such conduct warrants a heavy sentence.

However, the PSR also reveals that Kidd has a history of mental health problems, having been diagnosed with Bi-Polar Disorder when she was 16 or 17, and that she was apparently regularly beaten

U.S. SENTENCING MEMORANDUM
CR 13-363-2 EMC    4

by boyfriend/codefendant Jackson, as well as by prior boyfriends. Kidd is now 25, clean and sober, appropriately medicated for her mental health problems, employed, and pregnant. The United States believe that these circumstances distinguish Kidd from Jackson, and warrant a sentence below the low end of the advisory guideline range.

The government believes that a sentence of 60 months' imprisonment and five years' supervised release is necessary to reflect the seriousness of Kidd's offense, provide just punishment, protect the public, promote Kidd's respect for the law, and afford adequate deterrence, while taking into account the mitigating circumstances in Kidd's personal history and characteristics.

## **CONCLUSION**

For these reasons, the United States respectfully requests this Court to sentence Kidd to 60 months' imprisonment, five years' supervised release, and a $25 special assessment.

DATED: July 18, 2014

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/

HARTLEY M. K. WEST
Assistant United States Attorney